**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| WAYNE THOMAS, ) | |
| an individual, ) | |
| ) | Case No.:        4:18-cv-00625 |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| BRAESWOOD DEVELOPMENT, LLC, ) | |
| a Texas Limited Liability Company, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## COMPLAINT

Plaintiff, WAYNE THOMAS, through his undersigned counsel, hereby files this Complaint and sues BRAESWOOD DEVELOPMENT, LLC, a Texas Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. § 12181 *et seq*., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and Chapter 121 of the Texas Human Resources Code, Tex. Hum. Res. Code Ann. § 121.001 *et seq.*, and alleges:

## JURISDICTION AND PARTIES

1.       This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (the "ADA"), and Tex. Hum. Res. Code Ann. § 121.001 *et seq.*  This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.  This Court has supplemental jurisdiction over the subject matter of all other claims pursuant to 28 U.S.C. §1367(a).

2.       Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), because the Defendant's Property, which is the subject of this action, is located in Harris County, Texas.

3.       Plaintiff, WAYNE THOMAS (hereinafter referred to as "MR. THOMAS" or

"Plaintiff"), is a resident of the State of Texas in Harris County.

4.      MR. THOMAS is a qualified individual with a disability under the ADA.  MR. THOMAS is paralyzed from the waist down.   MR. THOMAS is a paraplegic and uses a wheelchair as his primary means of mobility.

5.      Due to his disability, Plaintiff is substantially impaired in several major life activities, such as walking and standing, and requires a wheelchair for mobility.

6.      Defendant, BRAESWOOD DEVELOPMENT, LLC, a Florida Texas Limited Liability Company (hereinafter referred to as "Defendant"), is registered to do business in the State of Texas.  Upon information and belief, Defendant is the owner, lessor and/or operator of the real property and improvements which are the subject of this action, to wit: the "Property," known as Braesner Village, generally located at 8650-8654 S. Braeswood Blvd, Houston TX 77031 and Wells Fargo Bank located at 9898 Gessner, Houston, TX 77031.

7.      All events giving rise to this lawsuit occurred in the Southern District of Texas.

**COUNT I**
**(VIOLATION OF TITLE III OF THE ADA)**

8.      Plaintiff realleges and incorporates into this cause of action each and every allegation contained in the previous paragraphs of this Complaint.

9.       The Property, a shopping center, is open to the public and provides goods and services to the public.  The plaza includes a Wells Fargo Bank, Family Dollar, Fiesta Mart, Cricket Wireless and numerous other stores.

10.     Plaintiff visited the Property and attempted to utilize the goods and services offered at the Property and plans to return to the Property in the near future.

11.     During his visit, MR. THOMAS experienced serious difficulty accessing the

goods and utilizing the services therein due to the architectural barriers discussed in this Complaint.

12.     MR. THOMAS continues to desire to visit the Property, but fears that he will again encounter serious difficulty and safety hazards due to the barriers discussed herein which still exist.

13.     Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to provide and/or correct the following barriers to access which Plaintiff personally observed, encountered, and which hindered his access:

A.     Plaintiff encountered inaccessible parking designated for disabled use due to lack of access aisles near Cricket Wireless and Family Dollar;

B.     Plaintiff encountered inaccessible parking designated for disabled use due to ramps improperly placed in the disabled parking spaces near Family Dollar and Spin Cycle;

C.     Plaintiff encountered inaccessible parking designated for disabled use servicing Fiesta due to excessive slopes;

D.     Plaintiff encountered inaccessible route to entrance of Fiesta due to excessive cross slopes;

E.     Plaintiff encountered inaccessible parking designated for disabled use servicing Wells Fargo due to excessive slopes;

3

F.   Plaintiff encountered inaccessible route to from designated accessible parking to entrance of Wells Fargo due excessive slopes; and

G.   Plaintiff encountered inaccessible entrance at Wells Fargo due to lack of pull side clearance

14.   Upon information and belief, there are other current violations of the ADA and the ADA Accessibility Guidelines ("ADAAG") at the Property, and only after a full inspection is performed by the Plaintiff or Plaintiff's representatives can all said violations be identified.

15.   To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16.   Independent of his intent to return as a patron to the Property, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17.   Removal of the barriers to access located on the Property is readily achievable, structurally feasible and easily accomplishable without placing an undue burden on Defendant.

18.   Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19.   The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant.

## COUNT II
## (VIOLATION OF CHAPTER 121 OF THE TEXAS HUMAN RIGHTS CODE)

20.   Plaintiff realleges and incorporates into this cause of action each and every

4

allegation contained in the previous paragraphs of this Complaint.

21.     Chapter 121 specifically addresses the ability of people with disabilities to integrate fully into society. Chapter 121 states the policy of Texas "is to encourage and enable persons with disabilities to participate fully in the social and economic life of the state, to achieve maximum personal independence, to become gainfully employed, and to otherwise fully enjoy and use all public facilities available within the state." Tex. Hum. Res. Code Ann. §121.001.

22.     Chapter 121.003 (d)(1) prohibits any failure to comply with Article 9102 of the Texas Civil Statues, which is identical to the ADAAG.

23.     Further, each violation of Chapter 121.004(b) provides for a conclusive presumption of damages of at least $100.00 to the person with a disability.

24.     Defendant's barriers to access as discussed herein have denied and continue to deny, the Plaintiff the opportunity to equally participate in or benefit from the goods, services, and accommodations afforded to other individuals, thus violating Chapter 121.Tex. Hum. Res. Code Ann, § 121.001, and entitling Plaintiff to injunctive and statutory damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

A.     That the Court declare that the Property owned, leased, and/or operated by Defendant is in violation of the ADA;

B.     That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the

5

full extent required by Title III of the ADA;

C.      That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D.      That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and

E.      That the Court award such other and further relief as it deems necessary, just and proper.

F.      That this Court issue a Declaratory Judgment that the Defendant has violated the Chapter 121 of the Texas Human Resources Code.

G.      That this Court orders the Defendant to alter the aforesaid premises to make such facilities accessible to and usable by individuals with disabilities to the extent required by the Chapter 121 of the Texas Human Resources Code.

H.      That this Court award Plaintiff Statutory damages from the Defendant pursuant to Chapter 121 of the Texas Human Resource Code.

I.      That this Court award Plaintiff such other additional and proper relief as may be just and equitable.

By: ___*/s/ Louis I. Mussman*___
                    Louis I. Mussman
                    Attorney-in-charge
                    Florida Bar No. 597155
                    S.D. TX No. 2274288
                    Ku & Mussman, P.A.
                    18501 Pines Boulevard, Ste. 209-A

Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (305) 891-4512
Louis@KuMussman.com

and

Seth P. Crosland
Local Counsel
Texas Bar No.: 24069551
S.D. TX No. 1504456
Crosland Law Firm
1848 Norwood Plaza, Suite 205B
Hurst, Texas 76054
Tel: (972) 591-6919
Fax: (972) 408-0713
seth@croslandlawfirm.com
*Attorneys for Plaintiff*